UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LILLIAN FINCH, | ) | Case No. CV 06-2229-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    On April 12, 2006, plaintiff Lillian Finch filed a petition for writ of mandamus,[1] a supporting memorandum of points and authorities, and the supporting purported declaration of plaintiff's counsel,[2] Manuel D. Serpa, with exhibits.  On June 22, 2006, defendant filed a

---

    [1] The plaintiff seeks an order compelling the Commissioner to consider her request that the Appeals Council review the Administrative Law Judge's decision denying her application for disability benefits.

    [2] The purported declaration of Mr. Serpa does not comply with the requirements of 28 U.S.C. § 1746 because it is not under penalty of perjury.  Therefore, Mr. Serpa's purported declaration is merely hearsay evidence, rather than competent evidence, and the Court cannot consider it for the truth of the statements therein.

motion to dismiss the petition and the supporting declaration of Dennis V. Ford, with exhibits, and on July 7, 2006, plaintiff filed a reply.

**BACKGROUND**

On December 4, 2002, plaintiff filed an application for disability benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423.  On July 7, 2005, following an administrative hearing, Administrative Law Judge Theodore T. Gotsch ("the ALJ") issued a decision finding plaintiff is not disabled and denying plaintiff's application for disability benefits.  Declaration of Dennis V. Ford ("Ford Decl."), ¶ 3(a), Exh. 1.  The plaintiff attempted to obtain review by the Appeals Council of the ALJ's decision; however, on March 6, 2006, the Appeals Council dismissed plaintiff's request for review, stating:

> The request for review filed on November 4, 2005, was not filed within 60 days from the date notice of the decision was received as required by 20 CFR 404.968(a).  The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.  [¶]  The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended.  The time period will be extended if good cause is shown for missing the deadline.  [¶]  Your letter dated February 17, 2006 cites portions of the Appeals Council's

1 regulatory policy on filing a request for review of a
2 hearing decision/order.  As you rightly note, a request for
3 review must be filed within 60 days from the date you get
4 the notice of hearing decision and the Appeals Council
5 assumes that the notice was received within 5 days after the
6 date of the notice.  That regulatory policy also provides
7 that a request for review will be considered filed as of the
8 date it is received in any SSA office or other authorized
9 place.  It further provides that where the request for
10 review is mailed the U.S. Postal Stamp cancellation or
11 "postmark" date on the envelope in which the request is
12 mailed to us may be used as the date of filing.  In the
13 instant case, a stamp from the Post Office on a "certificate
14 of mailing" does not constitute a postmark as it does not
15 represent the stamp cancellation on the envelope in which
16 the request for review was mailed to us.  In fact, according
17 to the U.S. Postal Service[], the certificate of filing is
18 used to provide a record for the customer and since they do
19 not verify the articles intended for mailing or the actual
20 mailing, it does not constitute legal proof of mailing.
21 There being no other documentation of filing prior to the
22 facsimile dated November 4, 2005, or possibly October 5,
23 2005[,] no earlier date can be established in this case. [¶]
24 The Appeals Council, therefore, finds that there is no good
25 cause to extend the time for filing and, accordingly,
26 dismisses the claimant's request for review.
27
28 Ford Decl., ¶ 3(c), Exh. 4 (citations omitted).

**DISCUSSION**

**I**

A federal court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). When, as here, subject matter jurisdiction is challenged in a motion to dismiss, plaintiff has the burden of proving jurisdiction. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam); Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 544 U.S. 1018 (2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039; Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). When the motion to dismiss constitutes a "factual attack" on federal jurisdiction, "the district court is not confined to the four corners of the complaint – it may consider facts and need *not* assume the truthfulness of the complaint[,]" and the existence of disputed material facts will not preclude the Court from evaluating the existence of subject matter jurisdiction. Americopters, LLC v. Federal Aviation Admin., 441 F.3d 726, 732 n.4 (9th Cir. 2006) (emphasis in original); Safe Air for Everyone, 373 F.3d at 1039.

1     "Federal courts are not courts of general jurisdiction; they have
2  only the power that is authorized by Article III of the Constitution
3  and the statutes enacted by Congress pursuant thereto." Bender v.
4  Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326,
5  1331, 89 L. Ed. 2d 501 (1986); Kokkonen v. Guardian Life Ins. Co. of
6  America, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391
7  (1994). Congress may prescribe the procedures and conditions under
8  which the federal courts may review administrative orders. City of
9  Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336, 78 S. Ct. 1209,
10 1218, 2 L. Ed. 2d 1345 (1958); Bacon v. Sullivan, 969 F.2d 1517, 1519
11 (3d Cir. 1992). Congress has enacted Section 405(g) of the Act, which
12 provides:

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party, . . . may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him
> of notice of such decision or within such further time as
> the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Under Section 405(g), this Court has no
jurisdiction to review the Appeals Council's dismissal of plaintiff's
request for review as untimely, since such a dismissal is not a "final
decision" within the meaning of Section 405(g). Matlock v. Sullivan,
908 F.2d 492, 494 (9th Cir. 1990); Dietsch v. Schweiker, 700 F.2d 865,
867 (2d Cir. 1983); see also O'Connell v. Chater, 958 F. Supp. 466,
468 (C.D. Cal. 1996)(Under Section 405(g), "[t]his Court has no
jurisdiction to determine whether the Appeals Council erred in finding

1 plaintiff's request for review to be untimely.").

3 Here, rather than relying on Section 405(g) for jurisdiction,
4 plaintiff contends the mandamus statute, 28 U.S.C. § 1361, provides
5 this Court with subject matter jurisdiction because plaintiff alleges
6 the Commissioner erred in dismissing plaintiff's timely request for
7 review. Petition at 1:20-27, 7:11-17. The plaintiff is correct.

9 District courts have jurisdiction over "any action in the nature
10 of mandamus to compel an officer or employee of the United States or
11 any agency thereof to perform a duty owed to the plaintiff." 28
12 U.S.C. § 1361. Section 1361 "is an appropriate basis for jurisdiction
13 in an action challenging procedures used in administering social
14 security benefits." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir.
15 2003); Johnson v. Shalala, 2 F.3d 918, 924-25 (9th Cir. 1993); see
16 also Powderly v. Schweiker, 704 F.2d 1092, 1095 (9th Cir. 1983)
17 ("[M]andamus jurisdiction is proper to vindicate an interest in
18 procedural regularity."). However, "'[m]andamus is an extraordinary
19 remedy and is available to compel a federal official to perform a duty
20 only if: (1) the individual's claim is clear and certain; (2) the
21 official's duty is nondiscretionary, ministerial, and so plainly
22 prescribed as to be free from doubt, and (3) no other adequate remedy
23 is available.'" Kildare, 325 F.3d at 1084 (citations omitted); Lowry
24 v. Barnhart, 329 F.3d 1019, 1021 (9th Cir. 2003).

26 Social Security regulations provide that a claimant who is
27 dissatisfied with an ALJ's decision "may request that the Appeals
28 //

6

Council review that action." 20 C.F.R. § 404.967.[3] A request for Appeals Council review must be filed "[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision or dismissal. . . ." 20 C.F.R. § 404.968(a). The claimant is presumed to have received notice of the decision within five days after the date of the notice unless the claimant demonstrates she did not receive the notice within the five-day period. 20 C.F.R. § 404.901. "Thus, a claimant in actuality has 65 days from the date of the ALJ's decision in which to file a request for review." Dietsch, 700 F.2d at 867. The time for filing a request for review may be extended, however, if the claimant shows she has "good cause for missing the deadline." 20 C.F.R. §§ 404.911, 404.968(b).

In responding to a claimant's request for review, "[t]he Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." 20 C.F.R. § 404.967. "The Appeals Council will dismiss [a claimant's] request for review if [she] did not file [her] request within the stated period of time and the time for filing

---

[3] Section 404.967 provides:

> If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge. The Appeals Council shall notify the parties at their last known address of the action it takes.

20 C.F.R. § 404.967.

7

has not been extended[,]" and it may also dismiss a proceeding if the claimant files a written request for dismissal or the claimant or any other party to the proceeding dies.  20 C.F.R. § 404.971.  The Appeals Council's dismissal of a request for review "is binding and not subject to further review."  20 C.F.R. § 404.972.  Absent any of the reasons for dismissal set forth in Section 404.971, the Appeals Council may either "deny a party's request for review or it may decide to review a case and make a decision."  20 C.F.R. § 404.981.[4]

Here, the Appeals Council dismissed plaintiff's request for review, determining it was not timely filed and there was no good cause to extend the time for filing.  Ford Decl., ¶ 3(c), Exh. 4.[5] The plaintiff, relying on 20 C.F.R. §§ 404.967 and 404.981, contends mandamus is appropriate because she "seeks to compel the Appeals Council to perform the duty it owes to [her] when a request for review is timely filed:  the Council must look at the merits of the case in light of the ALJ's decision and must either deny the request or review her case."  Petition at 7:12-17.  In other words, plaintiff contends the Appeals Council clearly erred in dismissing her request for review as untimely, and in so doing failed to perform its nondiscretionary

---

[4]  "[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if . . . the Council denies the request for review, the ALJ's opinion becomes the final decision." Sims v. Apfel, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083, 147 L. Ed. 2d 80 (2000).

[5]  This Court does not have mandamus jurisdiction to review whether good cause existed to extend the time for plaintiff to file a request for review since that decision is discretionary, Burbage v. Schweiker, 559 F. Supp. 1371, 1375 (N.D. Cal. 1983), and plaintiff does not contend otherwise.

8

duty to either grant or deny her request for review.

Some agency regulations create judicially enforceable duties, and others do not. Lowry, 329 F.3d at 1022. As the Ninth Circuit has held:

> To be judicially enforceable, a pronouncement must "prescribe substantive rules – *not* interpretive rules, general statements of policy or rules of agency organization, procedure or practice," and must have been "promulgated pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress."

Id. (citations omitted; emphasis in original). Regarding the regulations upon which plaintiff relies, 20 C.F.R. §§ 404.967 and 404.981, the Second Circuit has found mandamus jurisdiction exists to address a claimant's contention that the Appeals Council erroneously dismissed a timely filed request for review, stating:

> Plaintiff's challenge is a procedural one: he seeks to compel the Appeals Council to perform its duty with respect to a timely request for review, 20 C.F.R. §§ 404.967, 404.981, and either deny the request or review his case. He has no other avenue for relief. And his procedural dispute is unrelated to the merits of his claim for benefits. We conclude that the district court had mandamus jurisdiction under 28 U.S.C. § 1361 to consider his claim.

9

Dietsch, 700 F.2d at 868; see also Sullivan v. Heckler, 602 F. Supp. 85, 87 n.5 (D. Md. 1985) (district court has mandamus jurisdiction to address claimant's challenge to Appeals Council's dismissal of allegedly timely request for review).  This Court agrees.

The Commissioner owes plaintiff a nondiscretionary duty to adjudicate her claim for disability benefits in accordance with the requirements of the Act and its regulations.  Johnson, 2 F.3d at 924; see also Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) ("The Code of Federal Regulations is clearly binding upon the Commissioner. . . .").  Absent circumstances not present here, such as a claimant's death or the voluntary withdrawal of a request for review, Social Security regulations require the Appeals Council to either deny or review a timely filed request for review.  Dietsch, 700 F.2d at 868.  Moreover, plaintiff has no other avenue for relief in addressing her procedural claim that she timely mailed her request for review to the Appeals Council; therefore, mandamus jurisdiction is appropriate.  Id.

**II**

Now that this Court has determined it has jurisdiction to address the merits of plaintiff's mandamus petition, it must consider the evidence plaintiff relies upon to support her claim that she timely filed a request for review with the Appeals Council.  First, plaintiff has not presented any competent evidence showing the date she actually received the ALJ's decision; thus, the regulation establishing the presumption that a claimant receives notice within five days of the ALJ's decision applies.  Since the ALJ's decision was issued on July 7, 2005, it is presumed plaintiff received it by July 12, 2005,

and she then had sixty days, or until September 12, 2005,[6] to mail (or file) her request for review to the Appeals Council.  20 C.F.R. §§ 404.901, 404.968(a); see also Dietsch, 700 F.2d at 868-69 ("[P]laintiff's request for review was timely if it was mailed within the time period provided by the regulation."); Monferrato v. Schweiker, 700 F.2d 869, 870 (2d Cir. 1983) ("[M]ailing [a request for review] constitutes filing under the regulations.").

Second, the evidence plaintiff presented to the Appeals Council to show she timely mailed her request for review to the Appeals Council was not competent evidence.  Rather, the evidence consisted of copies of a letter dated August 3, 2005, stating three requests for review were being submitted, including one for plaintiff, with a United States Post Office certificate of mailing addressed to the Appeals Council, and containing a partially legible date.  Ford Decl., ¶ 3(b), Exhs. 2-3.  The Appeals Council found this evidence insufficient for the reasons set forth above, and this Court agrees.

---

[6] Since 60 days from July 12, 2005, fell on a Saturday, September 10, 2005, plaintiff had until Monday, September 12, 2005, to timely mail (or file) her request for review to the Appeals Council. See 20 C.F.R. § 404.3 ("[W]here any provision of [T]itle II, . . . or any regulation of the Commissioner issued under [T]itle II, provides for a period within which an act is required to be done which affects eligibility for or the amount of any benefit or payment under this title or is necessary to establish or protect any rights under this title, and such period ends on a Saturday, Sunday or Federal legal holiday or on any other day all or part of which is declared to be a nonwork day for Federal employees by statute or Executive Order, then such act shall be considered as done within such period if it is done on the first day thereafter which is not a Saturday, Sunday, or legal holiday or any other day all or part of which is declared to be a nonwork day for Federal employees either by statute or Executive Order.").

Without competent evidence such as a declaration showing proof of service, for example, the certificate of mailing, by itself, is simply insufficient to demonstrate plaintiff timely mailed (or filed) her request for review to the Appeals Council.[7]  Thus, plaintiff's petition for writ of mandamus must be denied on the merits.

**ORDER**

IT IS ORDERED that:  (1) defendant's motion to dismiss the petition for mandamus under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is denied; and (2) plaintiff's petition for writ of mandamus is denied and the action is dismissed, and Judgment shall be entered accordingly.

DATE:   September 14, 2006         /s/ Rosalyn M. Chapman
                                   ROSALYN M. CHAPMAN
                                   UNITED STATES MAGISTRATE JUDGE

---

[7] Since Mr. Serpa's purported declaration also is not competent evidence, no competent evidence has been presented to this Court either establishing that plaintiff timely mailed (or filed) her request for review of the ALJ's decision to the Appeals Council.

R&R-MDO\06-2229.mdo
9/14/06

12